Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 394 | DATE | 7/19/2000 |
| CASE TITLE | AFS Financial, Inc. Vs. Headlee Lane Burdette et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff moves for summary judgment. That motion is granted to the extent described below.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUL 21 2000 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | docketing deputy initials | 17 |
| ✓ | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | JUL 21 2000 | |
| | | date mailed notice | |
| WAH | courtroom deputy's initials | 00 JUL 20 AM 8:47 | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AFS FINANCIAL, INC., | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) No. 00 C 394 ) |
| HEADLEE LANE BURDETTE and SUSAN ANNE BURDETTE, | ) ) ) ) |
| Defendants. | ) |

DOCKETED
JUL 21 2000

### MEMORANDUM OPINION AND ORDER

Defendants obtained a mortgage loan from plaintiff, the proceeds to go largely to pay off two outstanding mortgages. They rescinded the transaction in apt time, pursuant to 15 U.S.C. §1635(b), but, after the three days had run but before plaintiff received the rescission notice in the due course of mail, it disbursed the funds, $125,590.96, to satisfy those mortgages. Plaintiff now seeks to recover the $125,590.96 as a condition of rescission, prior to relinquishing its security interest, and also seeks recovery for alleged unjust enrichment because defendants have had the benefit of the amount disbursed since approximately October 18, 1999. Plaintiff moves for summary judgment. That motion is granted to the extent described below.

It is now well settled that a court, in the exercise of its equitable discretion, as confirmed by the last sentence of §1635(b), can condition rescission upon tender of the amounts previously advanced, leaving the security interest in place until the tender is made. Williams v. Homestake Mortgage Co., 968 F.2d 1137, 1142 (11th Cir. 1992); FDIC v. Hughes Development Co., Inc., 938 F.2d 889, 890 (8th Cir. 1991), cert. denied, 502 U.S. 1099 (1992);

<u>Brown v. National Permanent Federal Savings and Loan Association</u>, 683 F.2d 444, 449 (D.C. Cir. 1982); <u>Power v. Sims and Levin</u>, 542 F.2d 1216, 1222 (4th Cir. 1976). That discretion has been recognized in this district as recently as a few months ago in <u>Clay v. Johnson</u>, 77 F.Supp.2d 879, 890-91 (N.D. Ill. 1999).

Defendants do not dispute the existence of that discretion, but they contend that its exercise on behalf of the plaintiff here is inappropriate, particularly at the summary judgment stage. They point out that the cases conditioning rescission upon repayment generally involve rescission long after the loan has been made, and here they rescinded before the funds should have been disbursed. The fact remains, however, that the defendants have had and will continue to have the benefit of those funds until they are repaid. We are advised of the efforts plaintiff has made to make its mortgage loan more attractive, but defendants have continued to refuse to enter into any kind of arrangement with plaintiff or anyone else.

We conclude that the equities lead to a requirement that the amounts be repaid before the security interest is relinquished. At the same time we recognize that the present situation arises from plaintiff's improperly premature disbursements. In those circumstances we direct the plaintiff to reinstate its last proposed terms, the defendants within sixty days either to accept that proposal or to tender $125,590.96 to plaintiff, and plaintiff to relinquish its security interest if the principal amount is tendered.

Finally, we do not believe plaintiff can prosecute an unjust enrichment claim in light of the Truth in Lending Act, but we can, in conditioning rescission, recognize that defendants have had the benefit of the funds for many months. When plaintiff disbursed the funds it created a problem for defendants – should they refinance with plaintiff or should they seek to

refinance elsewhere? That obviously required some consideration, but certainly by the end of 1999 defendants should have done what this court now directs them to do. We therefore further condition rescission on payment to plaintiff of eight per cent interest on the outstanding balance from and after January 1, 2000, either by an add-on to a mortgage with plaintiff or by an increase in the amount tendered.

*[signature]*
JAMES B. MORAN
Senior Judge, U. S. District Court

July 19, 2000.